No. 12188

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

————————————

WYOMING FARM BUREAU MUTUAL INSURANCE
COMPANY, a corporation,

                    Plaintiff and Respondent,

    -vs-

WALTER E. MONDALE, RALPH MARSHALL BEATTY,
JOHN M. BEATTY and MYRTIE M. BEATTY,

                    Defendants and Appellants.

————————————

Appeal from:  District Court of the Tenth Judicial District,
              Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

    For Appellants:

        Walter E. Mondale argued, Lewistown, Montana.
        Stanley M. Doyle argued, Polson, Montana.

    For Respondent:

        Robert L. Johnson and William Berger, Lewistown, Montana.
        William Berger argued, Lewistown, Montana.

————————————

                        Submitted:  September 22, 1972

                        Decided:    OCT 16 1972

Filed:  OCT 16 1972

_Thomas J. Kearney_
                                        Clerk

PER CURIAM:

This is an action by a subrogated insurer against an attorney to determine their respective rights to settlement proceeds paid on behalf of a negligent third party in an automobile accident. From a judgment in favor of the subrogated insurer entered by the district court of Fergus County, the Honorable LeRoy L. McKinnon, district judge, the attorney appeals.

On March 15, 1965, a collision occurred between a motor vehicle driven by Betty McDaniels and a motor vehicle driven by Myrtie Beatty in which the owner, Ralph Beatty, and John Beatty were passengers. McDaniel's liability insurer was State Farm Mutual Automobile Insurance Company, while the Beatty vehicle was covered by collision and medical payments insurance by Wyoming Farm Bureau Mutual Insurance Company. Wyoming paid the Beattys a total of $1,291.66 in collision and medical payment claims and became subrogated in this amount to the rights of the Beattys against McDaniels.

The Beattys employed attorney Mondale to prosecute their claims for injuries against McDaniels. He filed suit for damages thereon which was ultimately settled for the sum of $4,931.00 which was paid by McDaniel's liability insurer, State Farm. Attorney Mondale was paid an attorney's fee for these services by his clients, the Beattys.

In the meantime, Wyoming Farm Bureau had notified State Farm of its subrogation rights by reason of its payment of $1,291.66 to the Beattys. State Farm advised Wyoming Farm Bureau that it would reimburse the latter when the Beattys' suit against McDaniels was concluded.

- 2 -

Subsequently State Farm made out three drafts totalling $1,291.66 in payment of Wyoming Farm Bureau's subrogation claims. Named as joint payees thereon were the respective Beattys, Wyoming Farm Bureau, and attorney Mondale. The latter's name was included thereon at his request.

The instant action arose when Wyoming Farm Bureau refused to pay attorney Mondale an attorney's fee from the settlement proceeds of $1,291.66 represented by the three drafts. Wyoming Farm Bureau instituted suit for declaratory judgment naming attorney Mondale and the three Beattys as defendants. The purpose of the suit was to determine the respective rights of the subrogated insurer, Wyoming Farm Bureau, and attorney Mondale to the settlement proceeds.

Essentially Wyoming Farm Bureau contended it was entitled to the entire proceeds by reason of its subrogation rights derived from its payment of that amount to the Beattys under the collision and medical payments coverage in their policy. Attorney Mondale, on the other hand, claimed that he was entitled to a reasonable attorney's fee from the settlement proceeds and an attorney's lien on such proceeds to secure payment.

A trial was held before a jury in the district court of Fergus County before Honorable LeRoy L. McKinnon, district judge. The testimony concerning whether attorney Mondale had been employed by Wyoming Farm Bureau to handle their subrogation claim was conflicting. A special interrogatory was submitted to the jury in lieu of a general verdict which read as follows:

> "Do you find that an express contract of employment was entered into by defendant Walter E. Mondale and plaintiff Wyoming Farm Bureau Mutual Insurance Company?"

The jury returned the answer, "No."

- 3 -

Thereupon attorney Mondale requested the court to determine, without a jury, whether an implied contract of employment existed. Findings of fact, conclusions of law and judgment were entered by Judge McKinnon to the effect that all issues in the case had been determined by the jury leaving nothing for determination by the court. Judgment was entered for plaintiff for the full amount of settlement proceeds. Defendant Mondale now appeals that judgment to this Court.

The ultimate issue for review is whether attorney Mondale is entitled to an attorney's fee and lien from the settlement proceeds.

This appeal is controlled by our decision in Sisters of Charity v. Nichols, 157 Mont. 106, 483 P.2d 279, and cases cited therein. It is the fact of an attorney's employment that gives rise to his right to compensation. The jury found no express contract of employment on the basis of substantial, though conflicting, evidence and attorney Mondale is concluded thereby. There is no evidence in this case on which an implied contract of employment can be based. Even if we assume that the subrogated insurer derived an incidental benefit from the attorney's services which is far from clear in this case, such incidental benefit, in itself, does not create an implied contract by the subrogated insurer to pay an attorney's fee. Nor is there any evidence in this case that would give rise to an equitable lien absent employment. Judge McKinnon was correct in finding that the jury resolved the only ultimate issue of fact in this case and that plaintiff was entitled to judgment.

The judgment of the district court is affirmed.